Case 2:15-cv-00143 Document 21 Filed in TXSD on 12/07/15 Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
December 08, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ERWIN BURLEY, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL NO. 2:15-CV-143 |
| § | |
| UNKNOWN DEFENDANTS *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Congress included a three-strikes rule in the Prison Litigation Reform Act of 1996 ("PLRA"). 28 U.S.C. § 1915(g). The magistrate judge to whom this case is referred recommended that Plaintiff Erwin Burley's ("Burley") pro se, prisoner civil-rights complaint under 42 U.S.C. § 1983 be dismissed as frivolous, incurring a strike. Dkt. No. 15. Burley responded by objecting to the magistrate judge's recommendation, Dkt. No. 17, and moving to dismiss this action voluntarily under Federal Rule of Civil Procedure 41(a)(1)(A)(i), Dkt. No. 18. After conducting a de novo review of the record, the Court denies Burley's motion to dismiss voluntarily. The Court holds that the PLRA is a federal statute to which a plaintiff's power to dismiss an action voluntarily under Rule 41(a)(1)(A)(i) is subject, and allowing a plaintiff to use voluntary dismissal to avoid accumulating a strike under § 1915(g) runs counter to Congress's purposes in enacting the PLRA. Accordingly, the Court dismisses Burley's complaint for failure to state a claim upon which relief can be granted and grants him leave to amend.

I. Procedural History

Burley is a prisoner in the custody of the Texas Department of Criminal Justice. E.g., Dkt. No. 1 at 1. The docket begins with a handwritten letter from Burley dated February 25, 2015, stating that Burley was convicted of possessing illegal drugs and alleging police officers planted evidence used against him. Dkt.

No. 1 at 1. The letter also states Burley believes that two or three investigators have been verbally harassing him and that Burley has heard threats to kill him because he "knows to [sic] much about the corruption in the Nueces County Police Department." *Id.* at 1. Burley sent three more letters to this Court dated April 8, 22, and 29, 2015, respectively, Dkt. Nos. 5–7. In each of these letters, Burley repeats his allegations that unknown officials conspired to kill him and harass him in retaliation for his efforts to expose alleged corruption. *See* Dkt. No. 5 at 1; Dkt. No. 6 at 1; Dkt. No. 7 at 1. Additionally, Burley represented that he filed a petition for a writ of habeas corpus in a court located in Nueces County, Texas on March 9, 2015. Dkt. No. 7 at 2. He avers that his rights to file a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254 are being jeopardized. *Id.*

Burley subsequently filed a prisoner civil rights complaint on a form provided by this Court, Dkt. No. 11 (entered May 18, 2015).[1] His statement of his claim reads in full:

> Plaintiff has been constantly threatened to be murdered by defendant #1 Unknown Defendant and Defendant No. 2 Unknown Defendant. This has been an ongoing campaign of harassment over a period of 18 months. These acts are due to plaintiff's [sic] pursuing his constitutional entilements [sic] via motions writs, information, and pleadings. Henry Carm denied Plaintiff access to courts, and denied plaintiff writ of right procedures pursuant to Art 11.07. The above allegations originate in Nueces County.

*Id.* at 4.

The magistrate judge entered his first M&R on June 19, 2015. Dkt. No. 15. He recommends that the Court dismiss this case as frivolous under the PLRA, 42 U.S.C. § 1997e(2)(B). Dkt. No. 15. The Court docketed Burley's objections to that M&R on July 2, 2015, Dkt. No. 17, and his Motion to Dismiss this case voluntarily on July 6, 2015, Dkt. No. 18.

---

[1] Burley did not specify whether he exhausted his administrative remedies in his complaint. Dkt. No. 11 at 3.

The magistrate judge entered a second M&R recommending that the Court dismiss this case as frivolous and deny Burley's motion to dismiss this case voluntarily as moot, stating that "[it] is apparent Plaintiff is attempting to avoid this litigation being counted as a strike pursuant to [the PLRA's three-strikes provision.]" Dkt. No. 19 at 1 (citing 28 U.S.C. § 1915(g)). Burley filed objections to that M&R as well. Dkt. No. 20.

## II. Standard of Review

The Court reviews objected-to portions of a magistrate judge's proposed findings and recommendations de novo. 28 U.S.C. § 636(b)(1)(A) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed finds and recommendations to which objection is made,"); Fed. R. Civ. P. 72(b)(3). The Fifth Circuit has observed that district courts often review the entire record de novo when a pro se litigant objects to portions of a magistrate judge's proposed findings, conclusions, and recommendations. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). This most often occurs because the objections do not make clear "which [proposed findings and conclusions] are challenged, or on what basis." *Id.* When an objection is properly raised, "the Court will examine the entire record, and will make an independent assessment of the law." *Bilotto v. Allied Prop. & Cas. Ins. Co.*, 79 F. Supp. 3d 660, 663 (W.D. Tex. 2015); *Gallegos v. Equity Title Co. of Am., Inc.*, 484 F. Supp. 2d 589, 591 (W.D. Tex. 2007). Nevertheless, "[f]rivolous, conclusive or general objections need not be considered by the district court." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n. 8 (5th Cir. 1982) (en banc)); *Bilotto*, 79 F. Supp. 3d at 663 (quotation omitted); *Gallegos*, 484 F. Supp. 2d at 591 (quotation omitted).

## III. Motion for Voluntary Dismissal

Burley moves to dismiss this case voluntarily under Federal Rule of Civil Procedure 41(a)(1)(A)(i), which gives a plaintiff the right to dismiss an action voluntarily without a court order by filing "a notice of dismissal before the opposing

party serves either an answer or a motion for summary judgment." In his motion and objections, he cites authority stating that the right of voluntary dismissal under Rule 41(a)(1)(A)(i) "is 'a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court.'" *Int'l Driver Training, Inc. v. J-BJRD Inc.*, 202 F. App'x 714, 715–16 (5th Cir. 2006) (per curiam, unpublished) (quoting *Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963)); *accord. Yesh Music v. Lakewood Church*, 727 F.3d 356, 360 (5th Cir. 2013). Neither an answer nor a motion for summary judgment has been filed in this case, and so, reasons Burley, this Court cannot prevent him from voluntarily dismissing it, even if dismissal may avoid a strike under the PLRA. *See Int'l Driver Training, Inc.*, 202 F. App'x at 716 (vacating conditional order of dismissal and entering unconditional dismissal order where plaintiff voluntarily dismissed under Rule 41(a)(1)(A)(i)); *see also* 28 U.S.C. § 1915(g) (2012) (three-strikes provision applying to dismissals of cases as frivolous under the PLRA).

Burley does not discuss the clause immediately preceding Rule 41(a)(1)(A)(i), however. That clause makes a plaintiff's right to voluntary dismissal "[s]ubject to . . . [, inter alia,] any applicable federal statute." Fed. R. Civ. P. 41(a)(1)(A). Congress passed the PLRA in 1996 after Rule 41(a)(1)(A)'s substantive provisions were adopted, Pub. L. No. 104–134, and, therefore, Rule 41(a)(1)(A)'s right of voluntary dismissal is subject to the PLRA. *Hines v. Graham*, 320 F. Supp. 2d 511, 524 (N.D. Tex. 2004) ("[W]hile [plaintiff] enjoys a right to voluntarily dismiss the [§ 1983] action, the right is subject to the provisions of the Prison Litigation Reform Act . . . ." quoting *Sumner v. Tucker*, 9 F. Supp. 2d 641, 643 (E.D. Va. 1998) (ellipsis in original)). Neither case Burley cites arose under the PLRA.

In the PLRA, Congress sought to prevent the federal judiciary's limited resources from "be[ing] expended on cases whose frivolity was manifest, but whose sheer numerosity represented a formidable and time consuming task." *Hines*, 320 F. Supp. 2d at 524 (quoting *Sumner*, 9 F. Supp. 2d at 643).

> If a prisoner is allowed to dismiss his complaint without prejudice after he has been asked to amend the complaint because he failed to state a claim or after a magistrate judge has entered findings and conclusions which recommend summary dismissal of his complaint under §§ 1915, 1915A, or 1997e, the prisoner will not accumulate a "strike"; [sic] he will not have to weigh the merits of his complaint before filing because he can wait to let the court evaluate it for him; and he will be able to continue filing frivolous, malicious, and meritless complaints that unduly burden scarce judicial resources.

*Hines*, 320 F. Supp. 2d at 527; *see also id.* at 525–27 (discussing purpose and structure of PLRA and in forma pauperis statutes requiring review and dismissal of prisoner complaints found to be frivolous, malicious, or that fail to state a claim); *Clay v. Ambriz*, No. C-12-53, 2012 WL 1309197, at *2 (S.D. Tex. Apr. 26, 2012) (Gonzales Ramos, J.) (holding that cases in which some claims were dismissed as frivolous and others were dismissed for failure to prosecute counted as strike under the PLRA because "[t]o hold otherwise would be to encourage frivolous or malicious claims, as prisoners would have incentive to join 'throw away' claims or defendants in order to have them dismissed for want of prosecution as 'insurance' to avoid a strike in case of dismissal of the other claims as 'frivolous, malicious, or for failure to state a claim.' ").

In the case at bar, the magistrate judge screened Burley's complaint and prepared an eight-page M&R setting forth his views on why this case should be dismissed as frivolous, Dkt. No. 15. Moreover, even as Burley argues he has an absolute right to dismiss this case voluntarily, he insists that his claim is not frivolous. Burley disputes the magistrate judge's suggestion that he intends to avoid a accumulating a strike, but Burley does so only by asserting that it is improper to speculate about his motives. *See* Dkt. No. 20 at 2. The Court finds that Burley should not be permitted to use voluntary dismissal to avoid the accumulation of a strike under the PLRA. *Hines*, 320 F. Supp. 2d at 528–29 (denying prisoner's motion to dismiss voluntarily even though no answer or motion for summary judgment filed "because it is clearly an attempt to circumvent an adverse consequence," i.e., a with-prejudice dismissal counting as a strike under the

PLRA (citing *League of United Latin Am. Citizens v. Clements*, 999 F.2d 831, 843 (5th Cir. 1993))).

## IV. Dismissal of Complaint

The complaint of a prisoner who is proceeding in forma pauperis can be dismissed as frivolous "if it lacks an arguable basis in law or fact." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (citing *Denton v. Hernandez*, 504 U.S. 25, 31–32 (1992)) (other citations omitted). It can also be dismissed if it fails to state a claim upon which relief can be granted. 42 U.S.C. § 1997e(c)(2) (2012).

### A. Right of Access to Courts

Burley maintains that he has asserted a nonfrivolous claim of a deprivation of his right of access to the courts in his objections to both M&R's. *See* Dkt. No. 17 at 4; Dkt. No. 20 at 6–7. The Court need not decide whether Burley's case should be dismissed as frivolous, however, as he has failed in all of his filings to state a claim of such a violation upon which relief can be granted. *See Keelan v. F.B.I.*, 78 F. App'x 389, 390 (5th Cir. 2003) (per curiam, unpublished) (holding plaintiff who complained that FBI would not investigate claims that prison officials and inmates conspired to kill and harass him had "alternative remedy in the form of civil rights actions against the prison officers who are allegedly violating his constitutional rights").

In *Christopher v. Harbury*, the Supreme Court held that, "[h]owever unsettled the basis of the constitutional right of access to courts, our cases rest on the recognition that the right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." 536 U.S. 403, 415 (2002) (footnote omitted). Therefore,

> the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation. . . [, and,] when the access claim . . . looks backward, the complaint must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought.

*Id.*

Burley does not identify in his letters, complaint, or objections the claim he allegedly lost as a result of any conduct or conspiracy attributable to the defendants. Burley's filings, even viewed in the light most favorable to him and with the liberality afforded pro se parties, include less information about the claim Burley allegedly lost than the inadequate complaint in *Christopher*, which went "no further than the protean allegation that the State Department and NSC defendants' 'false and deceptive information and concealment foreclosed Plaintiff from effectively seeking adequate legal redress.' " 536 U.S. at 418. On the contrary, Burley alleges that he filed a petition for a writ of habeas corpus in a court located in Nueces County, Texas and, according to his most recent objections, filed a related petition for a writ of mandamus in Texas's Thirteenth Court of Appeals. *See* Dkt. No. 7 at 2; Dkt. No. 20 at 5 (citing copy of petition at *id.* Ex. B). Nonetheless, Burley has "failed to provide any information about his state post-conviction application from which this court can conclude that the post-conviction application contained a 'non-frivolous,' 'arguable' underlying claim." *Mendoza v. Strickland*, 414 F. App'x 616, 619 (5th Cir. 2012) (per curiam, unpublished) (affirming dismissal of prisoner complaint for this reason among others); *accord. Brewster v. Dretke*, 587 F.3d 764, 769 (5th Cir. 2009) (per curiam) ("At no point in any of his pleadings does Brewster identify any issue that he would have brought in his criminal appeal or other suit if the law journal had not been taken from him."). Indeed, the files of the Clerk of this Court show that Burley filed at least three cases before he filed this one. *Burley v. Perez*, No. 1:13-CV-179 (dismissed voluntarily without prejudice Nov. 25, 2013); *Burley v. Stephens*, No. 2:13-CV-215 (dismissed voluntarily June 23, 2014); *Burley v. Leal*, No. 2:14-CV-43 (dismissed as frivolous July 23, 2014). Further, after filing this case, Burley filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, which is presently pending before this Court. *Burley v. Stephens*, No. 2:15-CV-290 (petition docketed July 6, 2015). If Burley means to argue that he is being denied the right to prosecute his federal § 2254 claim because the state court has not yet adjudicated his petition for a writ of habeas corpus, his claim lacks an arguable

basis in law because the time for filing a § 2254 petition is tolled while the petitioner properly pursues remedies in state court. *See* 28 U.S.C. § 2244(d)(2) (2012) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

### B. Leave to Amend

"Generally a district court errs in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (reviewing dismissal of prisoner's pro se complaint for failure to state a claim); *accord. Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2008) (per curiam). Burley has not had an opportunity to respond, if he can, to the particular deficiencies identified by the Court today. The Court will, therefore, provide him an opportunity to amend his complaint.

### V. Conclusion

Consistent with the foregoing, the Court overrules Burley's objections and **DENIES** his motion to voluntarily dismiss this action, Dkt. No. 18, and dismisses his complaint as frivolous and for failure to state a claim upon which relief can be granted. The Court **GRANTS** Burley leave to amend his complaint within thirty days after the entry of this memorandum and order. Failure to do so will result in entry of a final judgment dismissing this action. In the event Burley files an amended complaint, this case is recommitted to the magistrate judge for further proceedings.

It is so ORDERED.

SIGNED this 7th day of December, 2015.

_____
Hilda Tagle
Senior United States District Judge