United States District Court
Southern District of Texas
**ENTERED**
March 11, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ERWIN BURLEY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-143 |
| | § | |
| UNKNOWN DEFENDANTS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## ON PLAINTIFF'S AMENDED COMPLAINT

Pending is Plaintiff's proposed amended complaint in which he claims that defendants denied him access to the courts by preventing him from filing a state writ of habeas corpus. (D.E. 23). For the reasons stated herein, it is respectfully recommended that Plaintiff's amended complaint be dismissed for failure to state a constitutional violation, and that final judgment of dismissal be entered pursuant to the Court's December 7, 2015 order (D.E. 21) denying Plaintiff's motion for voluntary dismissal and dismissing Plaintiff's claims with prejudice as frivolous and for failure to state a claim, and that such dismissal count as a strike pursuant to 28 U.S.C. § 1915(g).

### I. JURISDICTION.

The Court has federal question jurisdiction over this case. *See* 28 U.S.C. § 1331.

### II. PROCEDURAL BACKGROUND.

On September 1, 2011, following a jury trial**,** Plaintiff was found guilty of possession of cocaine with intent to deliver within 1,000 feet of an elementary school,

repeat offender, in Case No. 10-CR-2645-d in the 105th Judicial District Court, Nueces County, Texas, and sentenced to fourteen (14) years in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID). *See Burley v. State,* 2012 WL 3792114 (Tex. App.—Corpus Christi Aug. 31, 2012). On August 31, 2012, the Thirteenth Court of Appeals affirmed his conviction in Case No. 13-11-00582-CR. *Id.* On December 12, 2012, the Court of Criminal Appeals refused Plaintiff's petition for discretionary review. *Burley v. State,* PDR No. 1442-12. On May 15, 2014, Plaintiff filed a state application for habeas corpus review, Application No. 63,010-02. On August 20, 2014, the Texas Court of Criminal Appeals denied Plaintiff's state writ without written order.

On March 3, 2015, while confined at the Allred Unit in Iowa Park, Texas,[1] Plaintiff filed a pleading entitled "Subject: Murder to Cover Up Police Corruption," in which he alleged that, while working on his federal habeas corpus petition, some of his legal papers had been stolen, and also that he had overheard law enforcement officials stating that he needed to be killed. (D.E. 1, p. 1).

On April 14, 2015, Plaintiff filed a pleading entitled "Notice: Threats to Commit Murder," in which Plaintiff related that "he felt it necessary" to inform the federal courts in Brownsville and Wichita that he might be the victim of a murder conspiracy due to his intent to file a federal habeas corpus petition in Corpus Christi. (D.E. 5).

---

[1] Iowa Park is located in Wichita County which is located in the Northern District of Texas, Wichita Falls Division. *See* 28 U.S.C. § 124(a)(6).

On April 27, 2015, Plaintiff filed a pleading entitled "Subject: Conspiracy to Commit Murder, St. Ct. Cause No. 10CR2645d," in which Plaintiff claimed that his life was "still in danger for exposing police corruption in the Nueces County Police Dept." (D.E. 6, p. 1). Plaintiff also claimed that he had been threatened to be murdered, but he did not know who was behind the threats. *Id.*

On May 4, 2015, Plaintiff filed a pleading styled:

> "A. Conspiracy to Commit Murder
> B. Conspiracy to Cause Emotional Distress
> C. Conspiracy to Deny Legal Entitlements
>    i.e., Writ of Habeas Corpus pursuant to
>    Art. 11.07 and pursuant to § 2254."

(D.E. 7, p. 1). Again, Plaintiff alleged that he believed his life was in danger for exposing corruption in the Nueces County Police Department, and he suggested that, in not "hearing back" on his state habeas petition, that he was being held in custody unlawfully. (D.E. 7, p. 2).

On May 18, 2015, Plaintiff filed a § 1983 complaint form alleging constitutional violations of "threats of murder, conspiracy, harassment, [and] retaliation." (D.E. 11, p. 3). He also filed a memorandum in support of his complaint. (D.E. 12).

On June 19, 2015, the undersigned United States magistrate judge entered a Memorandum and Recommendation (M&R) that this action be dismissed for failure to state a claim and as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1), and further, that the dismissal of this action should count as a "strike" pursuant to 28 U.S.C. § 1915(g). (D.E. 15).

Plaintiff filed objections to the June 2015 M&R and also moved to voluntarily dismiss his complaint. (D.E. 17, 18). Plaintiff admitted that he did not have "enough evidence to press his claim[s] on the merits," and argued that, to avoid the waste of valuable Court resources, the case should be dismissed without prejudice. On July 14, 2015, the undersigned entered a recommendation that Plaintiff's motion for a voluntary dismissal be denied because Plaintiff should not be permitted to avoid the § 1915(g) "strike" penalty by simply dismissing the frivolous action of his own accord after screening. (D.E.19)  On July 24, 2015, Plaintiff filed objections to the July recommendation. (D.E. 20).

On July 6, 2015, Plaintiff filed a federal habeas corpus petition with this Court challenging his Nueces County drug conviction in *Burley v. Stephens,* Case No. 2:15-cv-290.

On December 7, 2015, the Court denied Plaintiff's motion for a voluntary dismissal and dismissed the complaint as filed. (D.E. 21). However, the Court granted Plaintiff thirty-days leave to amend this action and remanded for initial § 1915A screening Plaintiff's amended complaint. *Id.* at 8.

### III.  PLAINTIFF'S AMENDED COMPLAINT.

In his amended complaint, (D.E. 23), Plaintiff identifies the following individuals as defendants: (1) Mark Skurka, Nueces County District Attorney; (2) Anne Lorentzen, a Nueces County District Court Clerk; and (3) Henry Carm, a Nueces County District Court employee. (D.E. 23, p. 3). Plaintiff claims these defendants violated his constitutional right of access to the courts because he was repeatedly denied "the proper

procedures afforded prisoners when filing a writ of habeas corpus pursuant to art. 11.07." (D.E. 1, p. 4). He is suing defendants in their official and individual capacities. (D.E. 23-1, p. 1).[2]

## IV. DISCUSSION.

### A. Legal standard.

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted. 42 U.S.C. § 1997e(c)(2). "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988); *see also Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. *Id.*

### B. Denial of Access to the Courts.

Plaintiff alleges that D.A. Skurka, County Clerk Lorentzen, and County employee Henry Carm denied him the right of access to the courts [and] the right to file a writ of habeas corpus review [pursuant] to 11.07. (D.E, 23-1, p. 4).

---

[2] Plaintiff relates that he is abandoning his claims of murder and campaign of harassment because these were done in such a manner as to leave "no involvement of fingerprint," such that he cannot prove these claims. (D.E. 23-1, p. 4).

Prisoners have a constitutionally protected right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 360 (1996) (citing *Bounds v. Smith*, 430 U.S. 817, 821 (1977)). The right does not guarantee any "particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis*, 518 U.S. at 356. *See also Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (the right provides a reasonable opportunity to file nonfrivolous legal claims challenging convictions or conditions of confinement). Because the right of access is not a "freestanding right," to state a cognizable First Amendment claim, the plaintiff must demonstrate actual injury resulting from an alleged denial of access to the courts. *Lewis,* 518 U.S. at 351; *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999). Without a showing of an actual injury, a plaintiff lacks standing to pursue a claim of denial of access to the courts. *Lewis*, 518 U.S. at 349.

To meet the standing requirement, a plaintiff "must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Raines v. Byrd*, 521 U.S. 811, 818 (1997) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984). Plaintiff "must establish that he has a personal stake in the alleged dispute and that the alleged injury suffered is particularized as to him." *Id.* at 819. In particular, to succeed on a claim of denial of access to courts, a plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial. *See Lewis*, 518 U.S. at 356. He must show "that his position as a litigant was prejudiced" as a direct result of the denial of access. *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996).

In the instant civil rights action, Plaintiff claims that defendants denied him due process because he delivered a copy of his state writ to Judge Angelica Hernandez on March 9, 2015, but she was no longer employed as a judge at the time. (D.E. 23-1, p. 8). He claims that Mr. Carm signed for the cover letter accompanying the writ and that DA Skurka and Ms. Lorentzen somehow participated in this scheme to take his state court writ but never process it, in violation of his due process rights.

A review of Plaintiff's state court records filed with his federal habeas corpus action completely refute his claim that he was denied access to the courts by defendants, and also demonstrates that he raised similar claims (murder and conspiracy against unknown individuals), in his state habeas corpus writ, that he attempted to raise in the instant § 1983 action. Plaintiff filed his state writ of habeas corpus with the trial court on May 15, 2014. (*See* Case no. 2:15-cv-290, D.E. 49-10, pp. 4-21). On June 23, 2014, the State filed its Answer. (*See* Case No. 2:15-cv-290, D.E. 49-12, pp. 8-24). On June 27, 2014, Judge Angelica Hernandez entered her Findings of Fact, Conclusion of Law, & Recommendation that Plaintiff's state habeas corpus petition be denied. (*See* Case No. 2:15-cv-290, D.E. 49-12, pp. 41-42). On August 20, 2014, the Texas Court of Criminal Appeals denied Plaintiff's state writ, Application No. WR-63,010-02.[3] (*See* Case No. 2:15-cv-290, D.E. 48-15, p. 1).

---

[3] Plaintiff filed two other actions with the Texas Court of Criminal Appeals: (1) A state writ challenging his 1996 conviction for robbery, Application No. WR-60,010-01; and (2) a writ of mandamus to compel the State to respond to his drug conviction writ of habeas corpus, filed a year after the State had already answered, Application No. WR-60,010-03.

In support of his amended complaint, Plaintiff has attached numerous pleadings that were filed in his criminal drug case, appeal, or state writ. None of these documents suggest, let alone demonstrate, that defendant Skurka, Lorentzen, or Carm prevented Plaintiff from proceeding with his post convictions remedies or otherwise interfered with his access to the courts. The uncontested evidence shows that Plaintiff filed a state habeas corpus proceeding timely and it was denied on by the Texas Court of Criminal Appeals. No defendant hindered or denied him his right of access to the courts.

Title 28 U.S.C. § 1915(e) accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the power to pierce the veil of the complainant's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *See Denton v. Hernandez,* 504 U.S. 25, 31-32 (1992); *Neitzke v. Williams,* 490 U.S. 319, 327 (1989); and *Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995). In an action filed *in forma pauperis*, a court may raise *sua sponte* the issue of whether an action is malicious or frivolous under Section 1915(e). *Neitzke,* 490 U.S. at 327; *Schultea;* 47 F.3d at 1434. Dismissal of a claim as frivolous under § 1915(e) is permissible where the claim lacks an arguable basis either in law or fact. Typical examples of claims which can be dismissed pursuant to 1915(e) include (1) claims against which it is clear that the defendants are immune from suit,[4] (2) claims of

---

[4] *Neitzke,* 490 U.S. at 327. *See also Krueger v. Reimer,* 66 F.3d 75, 76-77 (5th Cir. 1995) and *Boyd v. Biggers,* 31 F.3d 279, 284-85 (5th Cir. 1994) (both upholding the dismissal as frivolous of civil rights lawsuits on the grounds that the defendants were entitled to absolute judicial and prosecutorial immunity).

infringement of a legal interest that clearly does not exist,[5] and (3) claims which are barred by limitations.[6]

In reviewing a complaint under 1915(e), a court is not bound to accept without question the truth of the plaintiff's allegations. *Denton,* 504 U.S. at 32. A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them. *Id.* at 32-33. A district court may dismiss an *in forma pauperis* proceeding as frivolous under 28 U.S. C. 1915(e) whenever it appears that the claim has no arguable basis in law or fact. *Henson-El,* 923 F.2d at 53.[7] In an action proceeding under 1915(e), a federal court may consider *sua sponte* affirmative defenses that are apparent from the record even where they have not been addressed or raised in the pleading on file. *See Schultea,* 47 F.3d at 1434 (recognizing the authority of the district court to dismiss an action pursuant to § 1915(d) based on the doctrine of qualified immunity). Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of an answer.

---

[5] *Neitzke,* 490 U.S. at 325; *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997) (holding that Title 42 U.S.C. § 1997e(e) requires proof of a physical injury before a prisoner can recover for emotional or mental distress, holding that verbal abuse is not actionable under § 1983 and also recognizing a *de minimis* standard for 8th Amendment excessive force claims).

[6] *See Moore v. McDonald,* 30 F.3d 616, 620 (5th Cir. 1994); *Gatrell v. Gaylor,* 981 F.2d 254, 259 (5th Cir. 1993); and *Henson-El v. Rogers,* 923 F.2d 51, 53(5th Cir 1991).

[7] *See also McCormick v. Stadler,* 105 F.3d at 1061 (dismissing as frivolous a prisoner's complaint that he was forced to undergo treatment for Tuberculosis while incarcerated).

A case is not frivolous simply because it fails to state a claim. *Neitzke,* 490 U.S. at 331. However, if the claim has no arguable basis in law or fact, the complaint can be dismissed under 1915(e). *Gartrell,* 981 F.2d at 259. "A complaint is legally frivolous if it is premised on an 'undisputable meritless legal theory.'" *Boyd,* 31 F.3d at 281-82, quoting *Neitzke,* 490 U.S. at 327. An *in forma pauperis* complaint that recites bare legal conclusions, with no suggestion of supporting facts, or that postulates facts of an entirely fanciful nature, is a prime candidate for dismissal under 1915(e). *See Ancar v. Sara Plasma, Inc.,* 964 F.2d 465, 468 (5th Cir. 1992) (suggesting that complaints that are clearly baseless include those which describe fanciful, fantastic, or delusional scenarios). Furthermore, when it is clear from the face of the complaint that the claims asserted are subject to an obvious meritorious defense, such as a preemptory time bar, dismissal with prejudice is appropriate. *See Graves v. Hampton,* 1 F.3d 315, 31920 (5th Cir. 1993).

Based on a review of Plaintiff's federal habeas corpus petition and the state record attached thereto, it is clear that Plaintiff's claims against the named defendants are wholly without merit as he was able to file a state application for habeas corpus relief. Moreover, even if the Court had not had access to these records, Plaintiff's claims against these particular defendants would be frivolous. Mark Skurka was the prosecutor in Plaintiff's criminal trial and would have played no role in assisting Plaintiff to file a state writ. Further, as a criminal prosecutor, Mr. Skurka enjoys absolute immunity from claims for damages asserted under § 1983 for actions taken in the presentation of the State's case. *Graves*, 1 F.3d at 318. The Supreme Court has also noted:

> [A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings, or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity. Those acts must include the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial....

*Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).  Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process.  *Graves*, 1 F.3d at 318.  This broad immunity applies even if the prosecutor is accused of knowingly using perjured testimony.  *Id.* at 318, n.9; *see also Brummett v. Camble*, 946 F.2d 1178, 1181 (5th Cir. 1991) (concluding that state prosecutors were absolutely immune from a § 1983 action predicated on malicious prosecution), *cert. denied*, 504 U.S. 965 (1992); *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (en banc) ("[A] conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors.").  Plaintiff has no claim against Mark Skurka.

      Plaintiff suggests that Mr. Carm signed for his state writ and that Ms. Lorentzen failed to investigate why the State did not file an Answer by a certain date.  As public officials performing discretionary tasks, both of these defendants are entitled to the protection afforded by the defense of qualified immunity.  Submissions to a clerk to see if a pleading meets the necessary filing requirements necessarily requires the exercise of discretion on the part of the reviewing official.  If an error occurred, it was remedied, as Plaintiff's state writ was filed and ruled on.

## V. RECOMMENDATION.

Plaintiff's amended complaint is a compilation of documents that he filed with his state writ of habeas corpus along with nonsensical claims that defendants denied him access to the courts, yet he fails to allege prejudice, and his own state court records refute his conclusory allegations. As his original complaint was dismissed as frivolous and for failure to state a claim, it is respectfully recommended that the Court also dismiss Plaintiff's amended complaint as frivolous and for failure to state a claim, and that the entire action be counted as a strike with notice sent to Lori Stover at Lori_Stover@txed.uscourts.gov. It is respectfully recommended further that final judgment be entered closing this case.

RESPECTFULLY submitted this 11th day of March, 2016.

_____
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).