Case 2:15-cv-00143   Document 29   Filed in TXSD on 12/29/16   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
December 29, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ERWIN BURLEY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL NO. 2:15-CV-143 |
| | § | |
| UNKNOWN DEFENDANTS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Plaintiff Erwin Burley ("Burley") has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. In his amended complaint, Plaintiff claims that Defendants (1) Mark Skurka, Nueces County District Attorney; (2) Anne Lorentzen, a Nueces County District Court Clerk; and (3) Henry Carm, a Nueces County District Court employee, violated Burley's constitutional right of access to the courts because he was repeatedly denied the proper procedures afforded prisoners when filing a writ of habeas corpus. (D.E. 1 at 4). He is suing defendants in their official and individual capacities. (D.E. 23-1 at 1).

Burley was found guilty of possession of cocaine with intent to deliver within 1,000 feet of an elementary school. On September 1, 2011, following a jury trial, Plaintiff was found guilty of possession of cocaine with intent to deliver within 1,000 feet of an elementary school, as a repeat offender, in Case No. 10-CR-2645-d in the 105th Judicial District Court, Nueces County, Texas, and sentenced to fourteen (14) years in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID). *See Burley v. State,* 2012 WL 3792114 (Tex. App.—Corpus Christi Aug. 31, 2012). On August 31, 2012, the Thirteenth Court of Appeals affirmed his conviction in Case No. 13-11-00582-CR. *Id.* On December 12, 2012, the Court of Criminal Appeals refused Plaintiff's petition for discretionary review. *Burley v. State,* PDR No. 1442-12. On May 15, 2014, Plaintiff filed a state application for

habeas corpus review, Application No. 63,010-02. On August 20, 2014, the Texas Court of Criminal Appeals denied Plaintiff's state writ without written order.

The Court has before it the Memorandum and Recommendations ("M&R") of the Magistrate Judge to which this case was referred (D.E. 25) and Burley's Reply to the M&R (D.E. 26). The M&R details the lengthy procedural history of Burley's complaints to the Court. (*See* D.E. 25 at 1-4).[1] The Court reviews objected-to portions of a Magistrate Judge's proposed findings and recommendations de novo. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").

Here, the Magistrate Judge recommended that Burley's amended complaint be dismissed as frivolous and for failure to state a claim. The Magistrate Judge further recommended that the entire action be counted as a strike with notice sent to Lori Stover at Lori_Stover@txed.uscourts.gov and that further that final judgment be entered to close this case.

Burley replies to the M&R with a series of objections. (*See* D.E. 26 at 2-19). Burley represents that he has provided satisfactory proof of valid claims that he was denied his constitutional right to due process. D.E. 26 at 20.

---

[1] On March 3, 2015, Burley filed a pleading in which he alleged that, while working on his federal habeas corpus petition, some of his legal papers had been stolen, and also that he had overheard law enforcement officials stating that he needed to be killed. (D.E. 1, p. 1). On April 14, 2015, Burley filed a pleading in which he stated he might be the victim of a murder conspiracy due to his intent to file a federal habeas corpus petition in Corpus Christi. (D.E. 5). On April 27, 2015, Burley filed a pleading alleging that his life was still in danger. (D.E. 6). On May 4, 2015, Burley filed another pleading in which he alleged that he believed his life was in danger for exposing corruption in the Nueces County Police Department. (D.E. 7). On May 18, 2015, Burley filed a § 1983 complaint form alleging conspiracy, harassment, retaliation, and threats of murder. (D.E. 11). On June 19, 2015, the Magistrate Judge entered an M&R, *recommending that this action be dismissed for failure to state a claim and as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1), and further, that the dismissal of this action should count as a "strike" pursuant to 28 U.S.C. § 1915(g).* (D.E. 15). Burley filed objections to the June 2015 M&R and also moved to voluntarily dismiss his complaint. (D.E. 17, 18). On July 14, 2015, the Magistrate Judge entered a recommendation that Burley's motion for a voluntary dismissal be denied because Plaintiff should not be permitted to avoid the § 1915(g) "strike" penalty by simply dismissing the frivolous action of his own accord after screening. (D.E.19). On December 7, 2015, this Court denied Burley's motion for a voluntary dismissal. (D.E. 21). This Court granted Plaintiff thirty-days leave to amend his complaint and ordered that, if Burley filed an amended complaint, the case be remanded to the Magistrate Judge for further proceedings on Plaintiff's amended complaint. (D.E. 21).

Having reviewed the M&R, Burley's objections, and the record as a whole, the Court finds that Burley's objections do not warrant relief pursuant to 42 U.S.C. § 1983. The Court adopts the Magistrate Judge's M&R, D.E. 25, in its entirety. Accordingly, it is hereby **ORDERED** that Plaintiff's complaint be **DISMISSED** as frivolous and for failure to state a claim. The Court **ORDERS** that the action be counted as a strike. The Court **DIRECTS** the Clerk to provide notice of the strike to Lori Stover at Lori_Stover@txed.uscourts.gov. The Court further **DIRECTS** the Clerk to close the case after entering the accompanying judgment.

SIGNED this 29 day of December, 2016.

Hilda Tagle
Senior United States District Judge